**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: April 23 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 10-31741 |
| | ) | |
| Melissa Langenderfer, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | Hon. Mary Ann Whipple |
| | ) | |

### MEMORANDUM OF DECISION AND ORDER
### DENYING MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY

This proceeding is before the court on Debtor's Motion for Sanctions for Violation of the Automatic Stay ("Motion") [Doc. # 27], and creditor Darby Court Condominium Owners' Association's ("Creditor") response [Doc. # 31]. In her Motion, Debtor alleges that Creditor violated the automatic stay by attempting to collect a discharged debt.

The court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings involving violation of the automatic stay are core proceedings that the court may hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(A). For the reasons that follow, Debtor's Motion will be denied.

## FACTUAL BACKGROUND

The following facts are not in dispute. Debtor Melissa Langenderfer ("Debtor") filed a Chapter 7 petition on March 20, 2010 [Doc. # 1]. At the time of the filing, Debtor owned a condominium unit at Darby Court Condominiums, located at 3217 Glanzman Road, Toledo, Ohio. As a condominium owner, she was required to pay condominium association fees in the amount of $155.00 a month to Creditor. *See* Creditor Exs. 2, 3. She has made no such payments since May 2010.

Included in Debtor's bankruptcy schedules is a non-priority unsecured debt owed to Creditor in the amount of $603.00 for unpaid prepetition condominium fees. Creditor has not attempted to collect this debt. Debtor received a Chapter 7 discharge on July 14, 2010 [Doc. # 21]. She remained the legal title holder of her condominium unit until July 12, 2011, at which time the condominium unit was sold at a sheriff's sale. From June 2010 until July 2011, condominium association fees accrued in the amount of $155.00 a month, plus $25 a month in late fees. Creditor filed suit against Debtor on June 8, 2011, in the Toledo, Ohio Municipal Court to collect the association fees and related late charges that had accrued post-petition. A default judgment was entered in favor of Creditor.

## LAW AND ANALYSIS

Debtor contends that Creditor violated the automatic stay by attempting to collect a debt that was discharged. For the following reasons, the Court disagrees.

A statutory automatic stay arises upon the filing of a bankruptcy petition. 11 U.S.C. § 362(a). To enforce creditor compliance with the automatic stay, the Bankruptcy Code provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). In order to prevail on a § 362(k) claim, a plaintiff must prove by a preponderance of the evidence that the stay imposed under § 362 was violated, that the violation was committed willfully and that plaintiff was injured by the violation. *In re Skeen*, 248 B.R. 312, 316 (Bankr. E.D. Tenn. 2000).

Initially, the court notes that under § 362(c)(2)(C), the duration of the automatic stay extends only until the earliest of the time the case is closed, the time the case is dismissed, or, if the case is an individual debtor's case under Chapter 7, the time a discharge is granted or denied. 11 U.S.C. § 362(c)(2)(C). In this case, the automatic stay terminated by operation of the statute on July 14, 2010, the date Debtor's discharge was entered. Creditor did not violate the automatic stay by initiating collection activity on June 8, 2011, since the automatic stay was no longer in place.

Furthermore, Debtor's argument that the post-petition condominium fees were discharged is without

merit. According to Debtor, the condominium fees are a pre-petition debt that are dischargeable under § 523(a)(16). 11 U.S.C. § 523(a)(16). The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") amended § 523(a)(16), substantially narrowing the ability to discharge condominium fees. *In re Barr*, 457 B.R. 733, 737 (Bankr. N.D. Ill. 2011). The amended version of § 523(a)(16) was intended "to broaden the protection accorded to community associations with respect to fees or assessments arising from the debtor's interest in a condominium. . . ." H.R. REP. NO. 109-31, at 68 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 154.[1] It provides an exception to discharge

> for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership . . . for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit . . ., but nothing in this paragraph shall except from discharge the debt of a debtor for membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case.

11 U.S.C. § 523(a)(16). Thus, under the amended version of § 523(a)(16), condominium association fees that accrue post-petition while a debtor has a legal ownership interest in a condominium unit are excepted from discharge. The case Debtor relies upon in support of her argument, *In re Lamb*, 171 B.R. 52 (Bankr. N.D. Ohio 1994), is persuasively distinguishable as a pre-BAPCPA case. Pre-BAPCPA, § 523(a)(16) provided that a post-petition condominium fee or assessment was excepted from discharge only if the debtor physically occupied the unit or rented the unit to a tenant and received payments from the tenant. 11 U.S.C. § 523(a)(16) (2004).

In this case, Debtor retained legal title in her condominium unit until July 12, 2011, the date of the sheriff's sale. Although Debtor argues in her motion that she surrendered all interests in the condominium by abandoning or moving out of the property, she only "surrendered" her possessory interest. She continued to have a legal ownership interest in her condominium unit until it was sold at the sheriff's sale. Under the amended version of the statute, post-petition condominium association fees that accrued while she still had

---

[1] As other courts have noted, in enacting this amendment and constricting the scope of the discharge of condominium owners, Congress did not foresee the coming economic storm and the real estate foreclosure crisis, or the toll this new provision would take on the fresh start of many individuals like Debtor. *In re: Spencer*, 457 B.R. 601, 612 (E.D. Mich. 2011); *Pigg v. BAC Home Loans Servicing( In Re Pigg)*, 453 B.R. 728, 733-34 (Bankr. M.D. Tenn. 2011). But the court notes that homeowners are often similarly impacted with an inability to shed obligations for the ongoing maintenance and upkeep of free standing homes that they can no longer afford but cannot get out from under due to delays in the foreclosure process or the refusal of secured creditors to take title. The legal non-dischargeability anchor for title holders of free standing residences is often criminal nuisance statutes in effect in many municipalities and local jurisdictions, including Toledo, Ohio. Moreover, actions of a governmental unit to enforce its police and regulatory power and the commencement or continuation of a criminal action or proceeding against a debtor involving real property nuisances are excepted from the automatic stay in the first instance. 11 U.S.C. § 362(b)(1), (4). The modern financial lesson that these laws teach is rent, don't buy real property as a place to live.

legal title to the property are not dischargeable. 11 U.S.C. § 523(a)(16). The fact that Debtor may have intended to surrender the condominium unit or the fact that she actually vacated the premises does not alter her status as the holder of legal title to the condominium unit. *In re: Ames*, 447 B.R. 680, 683 (Bankr. D. Mass. 2011); *see also In re Burgueno*, 451 B.R. 1, 4 (Bankr. D. Az. 2011)(Chapter 11 individual debtor); *In re: Spencer*, 457 B.R. 601, 611-13 ( E.D. Mich. 2011)(discussing concept of "surrender" under both state law and bankruptcy law in context of Chapter 13 debtor). Therefore, under § 523(a)(16), the post-petition condominium fees and assessments arising while Debtor remained the legal title owner of the unit were excepted from her Chapter 7 discharge and Creditor was entitled after termination of the automatic stay to collect them from Debtor.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Debtor's Motion for Sanctions for Violation of the Automatic Stay [Doc. #27] be, and hereby is, **DENIED**.